

# Greenbaum Rowe
## Smith & Davis LLP
### COUNSELORS AT LAW

METRO CORPORATE CAMPUS ONE
P.O. BOX 5600
WOODBRIDGE, NJ 07095-0988
(732) 549-5600     FAX (732) 549-1881

DELIVERY ADDRESS: 99 WOOD AVENUE SOUTH, ISELIN, NJ 08830-2712

INFO@GREENBAUMLAW.COM
WWW.GREENBAUMLAW.COM

ROSELAND OFFICE:
75 LIVINGSTON AVENUE
SUITE 301
ROSELAND, NJ 07068-3701
(973) 535-1600
FAX (973) 535-1698

NEW YORK OFFICE:
1700 BROADWAY
28TH FLOOR
NEW YORK, NY 10019
(732) 476-2444

JOHN D. NORTH, ESQ. - PARTNER
CHAIR, LITIGATION DEPARTMENT
(732) 476-2630 - DIRECT DIAL
(732) 476-2631 - DIRECT FAX
JNORTH@GREENBAUMLAW.COM

August 3, 2022

**VIA *ECF***
Honorable Ann Marie Donio, U.S.M.J.
United States District Court for the District of New Jersey
Mitchell H. Cohen Building & U.S. Courthouse
Court Room 3B
Fourth & Cooper Streets
Camden, NJ 08101

Re:   **K. Bond, et al. v. Solvay Specialty Polymers, USA, LLC, et al.**
      Civil No. 1:20-cv-8487 (NLH/AMD)
      **Slusser, et al. v. Solvay Specialty Polymers, USA, LLC, et al.**
      Civil No. 1:20-cv-11393 (NLH/AMD)
      **Deese, et al. v. Solvay Specialty Polymers, USA, LLC, et al.**
      Civil No. 1:21-cv-00217 (NLH/AMD)
      **Corrar, et al. v. Solvay Specialty Polymers, USA, LLC, et al.**
      Civil No. 1:21-cv-00452 (NLH/AMD)
      **S. Bond, et al. v. Solvay Specialty Polymers, USA, LLC, et al.**
      Civil No. 1:21-cv-11203 (NLH/AMD)
      **Nicole Bond v. Solvay Specialty Polymers, USA, LLC, et al.**
      Civil No. 1:21-cv-20755 (NLH/AMD)
      **K. Bond v. Solvay Specialty Polymers, USA, LLC, et al.**
      Civil No. 22-1115 (NLH/AMD)

Dear Judge Donio:

  I write on behalf of all of the parties in the above matters to report to the Court on the results of the meet and confer conferences that were held on August 1, 2022 and August 2, 2022 in the Group 2 cases. The meet and confer conferences were productive, and the parties were able

7948373.1

to reach agreement or partial agreement on a number of issues. However, there are issues that remain unresolved, and will require the Court's intervention.

## I. ISSUES AGREED UPON BY THE PARTIES

The issues that the parties have resolved are as follows:

(1) Plaintiffs have provided a list of medical providers for all but four plaintiffs in the *K. Bond*, *Slusser*, *Deese*, *Corrar*, *S. Bond*, and *N. Bond* cases. A list of the remaining medical providers will be provided within ten days, or by August 12, 2022.

(2) The form of authorization for the release of medical records will be the same form that is being used in the Group 1 and 3 cases.[1] A copy of the authorization is attached to this letter as Exhibit A. As set forth below, the parties have disputes regarding the scope of authorization required for mental health care providers and treaters and for the release of information concerning HIV/AIDS and substance abuse.

(3) A Protective Confidentiality Order addressed specifically to medical and mental health records, and which will include a "claw back" provision, will be worked out by the parties, and submitted to the Court.

(4) Plaintiffs' Motion for a Protective Order regarding the scope and procedure for the production of psychological and mental health records will be filed on or before September 9, 2022 and then would be scheduled for hearing pursuant to *L. Civ. R.* 7.1.

(5) Plaintiffs will continue to search for documents and ESI (based on the previously agreed upon search terms) responsive to defendants' discovery requests and will provide responsive information, as well as privilege logs, on or before August 19, 2022.

(6) Plaintiffs and 3M and DuPont/Chemours defendants will continue to meet and confer regarding what Plaintiffs have termed "cancer registries." Plaintiffs have informed Defendants that they believe that this information was requested in their first Request for Production of Documents. DuPont/Chemours Defendants disagree. In order to obviate this

---

[1] The current authorization tracks the procedures set forth in in *Stempler v. Speidell,* 100 N.J. 368 (1985) with regard to the authorization of *ex parte* interviews. Plaintiffs have indicated that if a case is decided in the Supreme Court or this Circuit that finds the *Stempler* procedure incompatible with HIPPA, they may wish to revisit this aspect of the release. However, Plaintiffs are currently amenable to providing *Stempler* authorizations provided they have sufficient advance notice of the intended interview to exercise rights granted by the Supreme Court in that case.

Greenbaum Rowe
Smith & Davis LLP

Honorable Ann Marie Donio, U.S.M.J.
August 3, 2022
Page 3

dispute, Plaintiffs will submit a supplemental request for production during the meet and confer process.

The parties anticipate incorporating the foregoing agreements into a Consent Order that will be submitted to the Court to memorialize the resolution of these issues.

## II.   ISSUES THE PARTIES HAVE NOT RESOLVED

However, there are substantive issues over which the parties have not been able to resolve:

(1)   The scope and timing of medical authorizations from Plaintiffs.

**Defendants' Position**: The current deadline for the collection of medical records is September 30, 2022. To date, Plaintiffs have not provided a single authorization.

The parties agreed on August 2, 2022 that Plaintiffs would endeavor to execute authorizations for all providers except mental health providers by August 12, 2022. Plaintiffs' Position below now states, however, that they do not intend to provide authorizations for every health provider for every Plaintiff, but instead favor a case-by-case assessment on whether to provide an authorization. Plaintiffs each allege a number of serious injuries which indisputably put Plaintiffs' medical histories at issue (see list attached as Exhibit B for reference). The collection of Group 2 medical records already lags far behind the collection of Group 1 records and adopting a process of negotiating what providers should or should not receive authorizations threatens to drastically extend the discovery timeline in these cases. The better course would be for Plaintiffs to provide the authorizations for all medical providers except mental health providers at this stage and allow the clawback provision the parties' have agreed to implement to address the few, if any, instances that give rise to Plaintiffs' apparent concern.

Further, Defendants believe that medical records containing information on HIV/AIDS and substance abuse are relevant and discoverable in these personal injury cases because of their impact on both mental and physical health, which Plaintiffs have put at issue in their complaints. Defendants do not believe the issues of executing authorizations or obtaining HIV/AIDS and substance abuse medical records should be subject to motion practice, but instead can be resolved before the Court at the August 4 conference.

**Plaintiffs' Position**:

Defendants statement of the history of this matter is incomplete. Plaintiffs obtained authorizations from many clients and provided those authorizations to RecordTrac who retrieved some but not all medical records over the last six months. Defendants thereafter asked that the

7948373.1

Greenbaum Rowe
Smith & Davis LLP

Honorable Ann Marie Donio, U.S.M.J.
August 3, 2022
Page 4

parties jointly retain the Marker Group in lieu of RecordTrac. Plaintiffs agreed to using the Marker Group in March, and last month Defendants finally provided Plaintiffs with information as to how to upload the medical records retrieved by RecordTrac to the Marker Group.

For four months Plaintiffs have offered to share medical records retrieved from RecordTrac provided the parties share in the costs paid to RecordTrac in the same proportions as the parties agreed to share in the MarkerGroup costs. Defendants agreed to this cost sharing last evening and Plaintiffs are prepared to upload the RecordTrac records later this week or early next week.

Nor is it accurate to say that Plaintiffs do not want to provide medical records. As Plaintiffs have informed Defendants at various meet and confers they are prepared to provide medical records except with regard to three discrete categories of records that should be the subject of a single motion to set the ground rules for production of these narrow categories.

With regard to each Plaintiff who has suffers from a disease, Plaintiffs will provide executed medical record authorization forms for all currently identified providers and will continue to do so as they learn additional information. Plaintiffs will not provide blanket authorizations to obtain records from mental health care providers, or for records which evidence treatment for HIV/AIDS or drug abuse, if any. Records of that nature enjoy greater protection under New Jersey and Federal law in personal injury cases. In Plaintiffs' view, records with regard to drug abuse implicate Fifth Amendment and comparable rights under the New Jersey Constitution. While Plaintiffs will likely provide this information if it exists, the better course is for Plaintiffs to file a motion for a protective order addressed to these 3 categories of records. That motion will cite to case law that affords enhanced protection afforded to records of this nature and propose a procedure for its prior review – which is no different than the procedure Defendants have employed for the production of their privileged documents.

In addition, Plaintiffs do not prospectively agree to provide authorizations for *every* health care provider for *every* Plaintiff or any parent ever saw. An elderly cancer victim will likely have seen scores of providers over a long lifetime most of whom will be irrelevant by virtue of time or specialty to the case at issue. There are also questions of unreasonable burden and expense to consider. Plaintiffs will provide the names of these providers and the time of treatment and propose that this information be discussed on a case by case basis.

While medical records of parents will, in many instances be relevant, the duty to provide these records must be assessed under different privacy and relevance standards since the filing of a complaint by a child cannot be deemed to waive the parent's common law and HIPPA privacy protections. Accordingly this agreement must not be understood to assent prospectively to produce authorizations for any health care provider no matter how remote in time, irrelevant in specialty or burdensome and expensive. Of course, Plaintiffs will provide the names of all providers known by

7948373.1

**Greenbaum Rowe Smith Davis** LLP

Honorable Ann Marie Donio, U.S.M.J.
August 3, 2022
Page 5

Plaintiffs and will discuss these records at the appropriate time. However, Plaintiffs believe that the discussion will be most fruitful if it occurs after the disposition of the motion referred to in paragraph 4 above.

    (2)    Whether Plaintiffs' refuse to provide authorizations for medical records related to substance abuse and HIV/AIDS.

**Defendants' Position**: In addition to psychological and mental health records, Plaintiffs would also exclude information regarding substance abuse and HIV/AIDS from the medical record authorizations of any plaintiffs who have such histories, including the plaintiff parents of children alleging birth defects. As set forth above, such information is highly relevant to the physical and mental injuries alleged by Plaintiffs. Defendants contend that the release of such information should be authorized, subject to the confidentiality and "claw back" provisions that will apply to all medical records. No privilege is involved in such records, and because Plaintiffs' proposed exclusions could have the effect of significantly circumscribing and delaying medical records collection, Defendants believe that these issues should be addressed by the Court at the August 4 conference.

**Plaintiffs' Position**: Plaintiffs contend that these records in many instances are more sensitive and enjoy greater protection under the case law than more conventional medical records. Indeed, such information, occurring especially after the child's birth may well be irrelevant and highly confidential.

Plaintiffs contend that the issues regarding the authorization of the release of substance abuse and HIV/AIDS information should be addressed by way of a single motion for a protective order to be filed by Plaintiffs which will set the ground rules for such productions, just as will occur with psychological and mental health records. Contrary to Defendants, Plaintiffs believe that there are a host of issues involving not only privilege, but also relevance, cost, and burden that cannot be resolved in the abstract at conference. Further, to be clear, Plaintiffs will not withhold authorizations for medical records of providers, but will simply not check the box relating to substance abuse, HIV/AIDS or drug abuse. Accordingly, there will be no delay in obtaining basic records on this basis.

In summary, thee major issue in dispute at this time relates to the scope of releases addressed to mental health care providers, and HIC/AIDS and drug abuse treatment. Plaintiffs believe that the discoverability of this information requires a more nuanced approach than is compatible with a blanket release and Defendants disagree.

    (3)    Contribution for medical records collected by Plaintiffs.

7948373.1

Greenbaum Rowe
Smith & Davis LLP

Honorable Ann Marie Donio, U.S.M.J.
August 3, 2022
Page 6

**Defendants' Position**: Although Plaintiffs should not be entitled to reimbursement for medical records they collected as part of their case, Defendants offered to accord Plaintiffs a one-time credit against the fees they incur with the Marker Group for future medical and mental health record collection, in an amount representing four-fifths of the cost Plaintiffs previously incurred in collecting records through RecordTrac, which is $9,230. Defendants made clear their offer to contribute to Plaintiffs' unilateral collection costs was contingent on Plaintiffs providing complete, unredacted copies of all records they collected through RecordTrac on or before August 19, 2022. In light of Plaintiffs' Position stated herein, Defendants will not voluntarily contribute to the costs of these records or agree to an offset, which are owed to Defendants pursuant to Plaintiffs' discovery obligations, because Plaintiffs have not agreed to provide the complete, unredacted copies of the medical records.

**Plaintiffs' Position**: These records will be complete and unredacted, except for those involving mental health care, HIV/AIDS and drug abuse, the provision of which will abide the outcome of the motion referred to in paragraph 4 above.

Robert Shuftan of Steptoe & Johnson is having difficulty with flights out of Chicago, since many have been cancelled due to "inclement weather." If he is unable to attend tomorrow's conference in person, he requests that he be permitted to attend by telephone.

We appreciate the Court's attention to these matters and the parties will be prepared to address these issues during the August 4, 2022 conference.

Respectfully,

JOHN D. NORTH

JDN/jdc
cc:   All Counsel of Record via ECF

7948373.1

# EXHIBIT A

# HIPAA COMPLIANT
# AUTHORIZATION FROM INDIVIDUAL
# FOR RELEASE OF MEDICAL RECORDS
# PURSUANT TO 45 CFR 164.508

Purpose: This form is used to confirm the direction of an individual that Provider use or disclose the individual's protected health information for a particular purpose.

**SECTION A: Psychotherapy Notes.**

☐   Check if this authorization is for psychotherapy notes.

**If this authorization is for psychotherapy notes, you must *not* use it as an authorization for any other type of protected health information.**

**SECTION B: The Individual (or the Individual's Personal Representative) confirming the authorization.**

I authorize the use and/or disclosure of my protected health information as described in Section C below. I understand this authorization is voluntary and made to confirm my direction.

I understand that, if the persons or organizations I authorize below to receive and/or use the protected health information described below are not health plans, covered health care providers or health care clearinghouses subject to federal health information privacy laws, they may further disclose the protected health information and it may no longer be protected by federal health information privacy laws.

Name: _____

Address: _____

Date of Birth: _____

Social Security Number: _____    Purpose:   Legal_____

**SECTION C: The use and/or disclosure being authorized.**

<u>Protected Health Information to be Used and/or Disclosed</u>: Specifically and meaningfully describe the protected health information you are authorizing be used and/or disclosed (if this authorization is for psychotherapy notes, no other type of protected health information may be listed on this authorization):

1. My patient file(s), including, but not limited to, patient history, office charts, progress notes, diagnostic test results, laboratory results and reports, surgical and operative reports, consultation reports, correspondence, and all other document pertaining to me, including records created by other physicians affiliated currently or formerly with your facility/office in your possession, custody or control and records archived or located in storage.

2. All records relating to my medical treatment, including, but not limited to, documents relating to office visits, hospital visits, medical tests, and records related to surgeries or surgical treatments.

3. Any and all x-rays, MRI's, CT scans, ultrasounds or other radiological or sonographic studies.

1

4.  Records pertaining to drug and alcohol testing and treatment, drug and alcohol abuse, HIV/AIDS information,

5.  My patient billing file, including any charges and payments for office visits, procedures, hospital visits, laboratory tests, x-rays, medication, and all other treatment for which charges were incurred.

6.  You are specifically directed to discuss and provide copies of those records which may be subject to the following: a) Public Health Service Act, 42 U.S.C. §290dd 2 and the regulations thereunder at 52 Federal Regulations 21803, et seq.; b) Release of Mental Health Records to Patient and Authorized Persons; and c) Communicable Disease: Confidentiality Requirements.

7.  I also authorize pursuant to *Stempler v. Speidell*, 100 N.J. 368 (1985), the physician and/or medical provider identified above to participate in ex parte interview(s) conducted by defendant's counsel so long as defendant's counsel complies with the following three conditions: (1) Provide plaintiff's counsel with reasonable notice of the time and place of the proposed interview; (2) Provide the physician and/or medical provider with a description of the anticipated scope of the interview; and (3) Communicate with "unmistakable clarity" the fact that the physician's participation in an ex parte interview is voluntary.

[Note: Release of "psychotherapy notes" as defined in 45 CFR 164.501 requires completion of separate authorization form.]

<u>Entities Authorized to Use or Disclose</u>: Name or specifically identify the persons or organizations (or the classes of persons and/or organizations), including Provider, who you are authorizing to make use of and/or to disclose the protected health information described above: This Authorization is voluntary. Pursuant to the Privacy Rules, the provider may not condition treatment, payment, or eligibility for benefits on whether the patient signs this authorization.

<u>Entities Authorized to Receive and Use</u>: Name or specifically describe the persons and/or organizations (or the classes of persons and/or organizations) to whom you are authorizing Provider to disclose and/or let use the protected health information described above:

McCarter & English, LLP  
Four Gateway Center  
100 Mulberry Street  
Newark, NJ 07102  

Steptoe & Johnson LLP  
227 West Monroe Street, Suite 4700  
Chicago, IL 60606  

Paul, Weiss, Rifkind, Wharton & Garrison LLP  
1285 Avenue of the Americas  
New York, NY 10019  

Bressler, Amery & Ross, P.C.  
325 Columbia Turnpike  
Florham Park, NJ 07932  

Greenbaum, Rowe, Smith, & Davis, LLP  
99 Wood Avenue South  
Iselin, NJ 08830  

Mayer Brown LLP  
1221 Avenue of the Americas  
New York, NY 10020  

2

| | |
|---|---|
| Gunster<br>Brickell World Plaza<br>600 Brickell Avenue, Suite 3500<br>Miami, FL 33131 | The Marker Group, Inc.<br>13105 NW Freeway, Suite 300<br>Houston, TX 77040 |
| Arnold C. Lakind, Esq.<br>Szaferman, Lakind, Blumstein & Blader, P.C.<br>101 Grovers Mill Road, Suite 200<br>Lawrenceville, NJ 08648 | Steven J. Phillips, Esq.<br>Phillips & Paolicelli, LLC<br>747 Third Avenue, 6th Floor<br>New York, NY 10017 |
| Kevin Conway, Esq.<br>Cooney Conway<br>120 N Lasalle Street, Suite 3000<br>Chicago, IL 60602 | |

**SECTION D: Expiration and Revocation**.

Expiration: This authorization will expire (complete one):

☐     On _____/_____/_____ (DD/MM/YR).

☒     On occurrence of the following event (which must relate to the individual or to the purpose of the use and/or disclosure being authorized: **At the conclusion of my lawsuit.**

Right to Revoke: I understand that I may revoke this authorization at any time by giving written notice of my revocation to each of the Entities Authorized to Receive and Use the protected health information listed above. I understand that revocation of this authorization will *not* affect any action you took in reliance on this authorization before you received my written notice of revocation.

I acknowledge the potential for information disclosed pursuant to this authorization to be subject to redisclosure by the recipient and no longer be protected under HIPAA privacy rules.

**SIGNATURE**.

I, the undersigned, have had full opportunity to read and consider the contents of this authorization, and I confirm that the contents are consistent with my direction to the Provider. I understand that, by signing this form, I am confirming my authorization that the Provider may use and/or disclose to the persons and/or organizations named in this form the protected health information described in this form.

Signature: _____     Date: _____

If this authorization is signed by an individual's personal representative on behalf of the individual, complete the following:

Personal Representative's Name: _____

Relationship to Individual: _____

YOU ARE ENTITLED TO A COPY OF THIS AUTHORIZATION AFTER YOU SIGN IT.

# EXHIBIT B

**All Alleged Injuries to Group 2 Plaintiffs**
**As of 8/3/2022**

| Plaintiff(s) | Bodily Injury Allegations |
|---|---|
| Kimberly Bond and Richard Bond, as GALs of Christina Bond | Christina Bond<br>- Brain damage<br>- Severe cognitive delay<br>- Profound speech impairment<br>- Neurological deficits<br>- Musculoskeletal abnormalities including scoliosis<br>- Autoimmune disease (pemphigus)<br>- De nova genetic damage (chromosome one deletion)<br>- Complete inability to care for herself<br>- Profound mental anguish<br>- Loss of the ability to enjoy life's pleasures<br><br>Kimberly Bond and Richard Bond<br>- Derivative damages only |
| Theresa Slusser and William Slusser, as GALs of Alexander Slusser | Alexander Slusser<br>- Brain damage<br>- Attention-Deficit/ Hyperactivity Disorder<br>- Cognitive Impairment<br>- Motor Deficits<br>- Inability to Live Unassisted<br>- Profound Mental Anguish<br>- Loss of the ability to enjoy life's pleasures<br><br>Theresa Slusser and William Slusser<br>- Derivative damages only |
| Carly Corrar; Shirley Bond | Carly Corrar<br>- Physical and cognitive developmental delays and associated injuries including breaks in the wrist, rib, arm and knee from frequent falls due to lack of coordination<br>- Functional neurological disorder (also known as conversion disorder) resulting in inability to control limbs and prevent shaking<br>- Digestive conditions including gastroparesis, chronic vomiting, gallstones, removal of gallbladder and appendix, and Barrett's esophagus<br>- Temporomandibular disorders requiring jaw surgery<br>- Attention deficit hyperactivity disorder<br>- Other psychiatric conditions<br>- Join issues including tendinitis, instability of the shoulder, and associated pain, which may be signs of early arthritis |

|  |  |
|---|---|
|  | - Profound pain and suffering and mental anguish<br>- Loss of the ability to enjoy life's pleasures<br><br>Shirley Bond<br>- Derivative damages only |
| Tammy O'Leary; Corby Deese | Tammy O'Leary<br>- Breast cancer<br>- Gastrointestinal disease<br>- High cholesterol<br>- Osteoporosis<br>- Chronic and debilitating leg pain<br>- Chronic inability to concentrate and forgetfulness<br>- Profound pain and suffering and mental anguish<br>- Loss of the ability to enjoy life's pleasures<br><br>Corby Deese<br>- High cholesterol<br>- Gastrointestinal disease<br>- Prostate disease<br>- Profound pain and suffering and mental anguish<br>- Loss of the ability to enjoy life's pleasures |
| Shirley Bond | Shirley Bond<br>- Brachial plexus injury and associated paralysis<br>- Cardiac conditions including mobitz type 2 block, hisian block, heart murmur, supraventricular tachycardia, and left bundle brand block of the heart, need for cardiac surgery, ablations, and pacemaker, and syncope<br>- Cervical myofascial pain syndrome<br>- Osteoporosis<br>- Scoliosis/ kyphoscoliosis<br>- Depression and anxiety<br>- Profound pain and suffering and mental anguish<br>- Loss of the ability to enjoy life's pleasures |
| Nicole Bond | Nicole Bond<br>- Diabetes<br>- Interstitial cystitis<br>- Colon polyps<br>- Acid reflux<br>- Anxiety and depression<br>- Lymph node resection<br>- Gall bladder resection<br>- Endometriosis<br>- Loss of the ability to enjoy life's pleasures |

| | |
|---|---|
| Marcia Philipp, Gerald L. Philipp (h/w), Gerald E. Philipp | Gerald E. Philipp<br>- Autism/Asperger's syndrome<br>- Eczema<br>- Anxiety<br>- Scoliosis and other orthopedic injuries<br>- Anxiety<br>- Webbed toes<br>- Facial injuries<br>- Nose bleeds<br>- Asthma<br>- Allergies<br>- Profound pain and suffering and mental anguish<br>- Loss of the ability to enjoy life's pleasures<br><br>Marcia Philipp and Gerald L. Philipp<br>- Loss of support and services claims only |
| Renee Mesogianes, William Mesogianes (h/w) | Renee Mesogianes<br>- Lung Cancer<br>- Barrett's Esophagus<br>- Diverticulosis<br>- Thyroid hashimoto<br>- Profound pain and suffering and mental anguish<br>- Loss of the ability to enjoy life's pleasures<br><br>William Mesogianes<br>- Loss of consortium and services claims only |
| Erin Albritton | Erin Albritton<br>- Ovarian cancer<br>- Removal of ovaries<br>- Removal of fallopian tubes<br>- Chemotherapy<br>- Profound pain and suffering and mental anguish<br>- Loss of the ability to enjoy life's pleasures |
| Stacy Allen | Stacy Allen<br>- Hodgkin's disease<br>- Follicular lymphoma<br>- Esophageal cancer<br>- Splenectomy<br>- Profound pain and suffering and mental anguish<br>- Loss of the ability to enjoy life's pleasures |

| | |
|---|---|
| Kimberly Bond, Richard Bond Sr., Jennifer Underwood, Kim Keleshian, and Richard Bond Jr. | Richard Bond Sr.<br>- Diabetes<br>- Sarcoidosis<br>- Charcot arthroplasty<br>- Aortic Aneurysm<br>- Hypercalcemia<br>- Kidney disease, nephropathy, and need for dialysis<br>- Congestive heart failure<br>- Skin cancers<br>- Pancreatic illness<br>- High cholesterol<br>- Pain and suffering<br>- Profound pain and suffering and mental anguish<br>- Loss of the ability to enjoy life's pleasures<br><br>Kimberly Bond<br>- Gastroparesis<br>- Irritable bowel syndrome and constipation<br>- High cholesterol<br>- Hiatal hernia<br>- Pain and suffering<br>- Profound pain and suffering and mental anguish<br>- Loss of the ability to enjoy life's pleasures<br><br>Kim Keleshian<br>- Endometriosis<br>- Fertility problems<br>- Gastrointestinal illness<br>- Anxiety and depression<br>- Chronic nerve pain<br>- Precancerous cells in cervix, HPV<br>- Hysterectomy<br>- High cholesterol<br>- Anemia<br>- Pain and suffering<br>- Profound pain and suffering and mental anguish<br>- Loss of the ability to enjoy life's pleasures<br><br>Richard Bond Jr.<br>- Acid reflux/ gastroesophageal reflux disease<br>- ADD/ ADHD and learning disabilities<br>- Pain and suffering<br>- Profound pain and suffering and mental anguish<br>- Loss of the ability to enjoy life's pleasures |

| | |
|---|---|
| | Jennifer Underwood<br> - Infertility<br> - Celiac disease, irritable bowel syndrome, overactive bladder, and gastrointestinal illness<br> - Adenomyosis and hysterectomy<br> - Fibromyalgia<br> - Anxiety and depression<br> - Pain and suffering<br> - Profound pain and suffering and mental anguish<br> - Loss of the ability to enjoy life's pleasures |
| Lisa Medford and John Antipuna | Lisa Medford<br>- ulcerative colitis, gastrointestinal illness and distress, and rectal bleeding<br>- multiple miscarriages<br>- profound pain and suffering and mental anguish<br>- loss of the ability to enjoy life's pleasures<br><br>John Antipuna<br>- ADHD<br>- depression and anxiety<br>- profound pain and suffering and mental anguish<br>- loss of the ability to enjoy life's pleasures |
| Stephen Wilson and Kim Wilson | Stephen Wilson<br>- testicular cancer<br>- high cholesterol<br>- profound pain and suffering and mental anguish<br>- loss of the ability to enjoy life's pleasures<br><br>Kim Wilson<br>- loss of consortium and services claims only |

| Elizabeth Leptien | Elizabeth Leptien<br>- breast cancer<br>- emotional distress<br>- profound pain and suffering and mental anguish<br>- loss of the ability to enjoy life's pleasure |
|---|---|
| Marisa Baker, Kimberly Baker, and Steven Baker | Marisa Baker:<br>- expressive language disorder<br>- endocrine issues including early onset of puberty<br>- mood disorder, anxiety, depression, and autism spectrum disorder<br>- profound pain and suffering and mental anguish<br>- loss of the ability to enjoy life's pleasures<br><br>Kimberly and Steven Baker<br>- derivative damages only |
| Elizabeth Kulik | Elizabeth Kulik:<br>- non-Hodgkin's lymphoma<br>- colitis<br>- emotional distress<br>- profound pain and suffering and mental anguish<br>- loss of the ability to enjoy life's pleasures |