**Phillips & Paolicelli, LLP**
747 3rd Avenue, 6th Floor
New York, New York, 10017
Phone: 212-388-5100; Fax 212-388-5200
Attorneys for Plaintiffs
By:  Steven Phillips, Esq.
      Victoria Phillips,,Esq.
      Melissa Stewart, Esq.
      Russell Curley, Esq.

**Szaferman Lakind Blumstein & Blader, P.C.**
101 Grovers Mill Road, Suite 200
Lawrenceville, New Jersey 08534
Phone: 609-275-0400; Fax: 609-275-4511
Attorneys for Plaintiffs
By:  Arnold Lakind, Esq.
      Janine Bauer, Esq,

**Cooney & Conway**
120 N. Lasalle Street, Suite 3000
Chicago, Illinois 60602
Phone:  312-236-6166; Fax 312-236-3029
Attorneys for Plaintiffs
By:  Kevin Cooney, Esq.
      Michael Lubeck, Esq.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| KIMBERLY BOND AND RICHARD BOND, INDIVIDUALLY, AND AS PARENTS AND NATURAL GUARDIANS OF CHRISTINA BOND,<br><br>   Plaintiffs,<br><br>vs.<br><br>SOLVAY SPECIALTY POLYMERS, USA, LLC; SOLVAY SOLEXIS, INC.; ARKEMA, INC.; E.I. DU PONT DE NEMOURS & COMPANY; THE CHEMOURS COMPANY; THE CHEMOURS COMPANY FC, LLC; THE 3M COMPANY; AND JOHN DOE ENTITIES #1-10,<br><br>   Defendants. | Case No., 1:20-cv-08487 (ESK/AMD)<br><br>**CIVIL ACTION**<br><br><br><br>**JUDGMENT APPROVING SETTELENT ON BEHALF OF AN INCAPACITATED PLAINTIFF, CHRISTINA BOND** |

#15101375v1

This matter having come before the Court on _____, 2025 seeking a Judgment pursuant to R.4:44-3 of the New Jersey Rules of Court approving a settlement on behalf of an incapacitated Plaintiff, Christina Bond, against Defendant Arkema, Inc. only in the above-captioned matter, and the Court having reviewed the Declarations and Memorandum of Law as well as the other papers filed in support of this application and any papers filed in opposition to this application, and taken proofs on the record and having approved said settlement on behalf of Christina Bond, an incapacitated person:

IT IS on this __ day of _____, 2025 ORDERED that:

1. Judgment is entered on behalf of Christina Bond, an incapacitated person, by her Guardian ad Litem, in the gross amount of Three Hundred Ten Thousand Dollars ($310,000) against the defendant Arkema, Inc. (the "Defendant") without costs and/or interest.

2. The following deductions shall be made from the gross settlement and paid by the Defendant in separate drafts as follows:

_____ ($_____) to be paid to Plaintiff's attorney consisting of

_____ ($_____) for disbursements, costs and expenses, and

_____ ($_____) for attorneys' fees; and

3. Richard and Kimberly Bond shall immediately apply to the Surrogate of Gloucester County pursuant to N.J. Court R. 4:81 for the appointment of a guardian of the estate of Christina Bond. It shall be the responsibility of the attorney for the plaintiff to see that this appointment is completed.

#15101375v1

4. The guardian of the estate of Christina Bond shall qualify according to law. The requirement to post a bond by the guardian ad litem be and hereby is dispensed with.

5. Pursuant to N.J. Court R. 4:44, Christina Bond's net recovery of $_____ shall be paid by or on behalf of the Defendant by check payable to the duly qualified guardian of the estate of Christina Bond, an incapacitated person.

6. The Defendant shall immediately make payment to the guardian of the estate of Christina Bond upon receiving proof that the Letters of Guardianship have been issued by the Surrogate.

7. Upon qualifying, the guardian of the minor's estate be and hereby is authorized to invest and reinvest the funds of Christina Bond in such investments as the guardian of the estate deems advisable and prudent, subject, however, to all limitations or restrictions concerning the investment, use or expenditure of funds held by fiduciaries that are now in force or that may be hereafter established.

8. The guardian of the estate of Christina Bond is not authorized to receive any additional funds or property on behalf of Christina Bond, except upon application to this Court or to the Superior Court, Chancery Division, Probate Part, where the terms or conditions for the receipt of additional funds or property may be fixed. Pursuant to N.J.S.A. 3B:12-37, said limitation shall be stated in the Letter of Guardianship certificates hereinafter issued by the Surrogate

9.      Upon qualifying, the Surrogate of Gloucester County shall issue Letters of Guardianship for the Estate of Christina Bond, an incapacitated person, and thereupon said person appointed guardian be and hereby is authorized to perform all the duties and responsibilities of a guardian as allowed by law, except as limited herein.

10.     The attorney for the plaintiff shall deliver a copy of this Judgment to all parties and the Surrogate of Gloucester County within 10 days of the date hereof.

_____
Ann Marie Donio, U.S.M.J.

#15101375v1