UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **KIMBERLY BOND INDIVIDUALLY AND AS THE EXECUTRIX OF THE ESTATE OF RICHARD BOND, SR AND THE PARENT AND NATURAL GUARDIAN OF CHRISTINA BOND,**<br><br>  **Plaintiffs,**<br><br>  v.<br><br>**SOLVAY SPECIALTY POLYMERS, USA, LLC,** *et al.*,<br><br>  **Defendants.** | **Case No. 20–cv–08487–ESK–AMD**<br><br><br><br>**OPINION** |

**KIEL, U.S.D.J.**

Plaintiffs appeal a magistrate judge's decision denying them expert reports and transcripts from unrelated litigations.   Plaintiffs rehash relevancy and proportionality arguments, but I find that they were better served below. In light of the deferential standard of review and the magistrate judge's exceptional familiarity with this litigation, plaintiffs' appeal at ECF No. 925 will be denied.

### I.    BACKGROUND

#### A.    The Initial Requests

The factual predicate and procedural history of these cases[1] are long and complex.   Suffice it to say, plaintiffs allege that they were exposed to perfluorooctanoic acid, perfluorononanoic, and perfluorooctanisulfonic acid (collectively PFAS) emitted from the Chambers Works manufacturing plant of

---

[1] This case is part of what has been referred to as the Group 2a cases, which include Docket No. 20–11393, Docket No. 21–00217, Docket No. 21–00452, Docket No. 21–11203, Docket No. 21–20755, Docket No. 22–01115.

defendants E.I. DuPont de Nemours & Company (E.I.D.P) and the Chemours Company and The Chemours Company, FC, LLC (collectively Chemours), resulting in various maladies.

On April 17, 2025, plaintiffs' counsel wrote to defense counsel requesting "all expert depositions in your possession or in possession of your clients and/or your clients' counsel of Plaintiffs' and Defendants' experts."   (ECF No. 958–2.) In a May 29, 2025 letter to Magistrate Judge Ann Marie Donio, plaintiffs stated that they sought "discovery of Plaintiffs' and Defendants' expert reports and deposition transcripts of experts who testified or were designated as testifying experts who (1) were deposed in cases involving [perfluorooctanoic acid]; and/or (2) served written reports on adversaries in cases involving [perfluorooctanoic acid]."   (ECF No. 713.)   Defense counsel responded on June 16, 2025, claiming that plaintiffs had failed to respond to their offer to meet and confer.   (ECF No. 718 p. 3.)   Defendants further asserted that the issue had previously been resolved, plaintiffs' request was untimely as fact discovery had closed, and the request was broad and unduly burdensome.  (*Id.* pp. 3–5.)   Defendants made similar arguments in a July 9, 2025 letter to Judge Donio.   (ECF No. 742.)

Six days later, Judge Donio entered an order stating that the identification and production of prior expert reports and testimony were to be limited to PFAS and the prior four years and directing the parties to continue to meet and confer. (ECF No. 752 p. 2.)   Defense counsel wrote to Judge Donio on August 11, 2025 stating that the parties had not reached a resolution, but would continue working toward doing so.   (ECF No. 775.)

Judge Donio scheduled an in-person discovery conference for December 4, 2025.  (ECF No. 841.)  In advance of the discovery conference, plaintiffs stated that they were only seeking reports from cases involving perfluorooctanoic acid and dated within four years of service of the reports in this litigation. (ECF No. 886 p. 2.)  Defendants had marked reports and

2

transcripts confidential and refused to provide them. (*Id.*) That same day, defendant 3M Company wrote that it believed that it had reached an agreement with plaintiffs regarding plaintiffs' expert materials, but not 3M's expert materials. (ECF No. 887.) E.I.D.P. and Chemours wrote that plaintiffs had not provided a list of the reports and transcripts sought. (ECF No. 888 p. 2.) E.I.D.P. and Chemours represented that they would continue to provide reports and transcripts that had been publicly filed or did not contain confidential information but rejected any effort to compel a blanket production. (*Id.* p. 4.)

### B.    Judge Donio's Decision

Judge Donio heard oral argument on plaintiffs' request during the December 4, 2025 discovery conference. During the conference, plaintiffs' counsel stated that the parties had come to several agreements, including that materials marked confidential in other litigations would be subject to the protective order in this litigation and defendants had agreed to provide all reports authored by plaintiffs' experts not marked confidential. (ECF No. 925– 2 (Pls.' Decl. & Exs.) pp. 58:6–62:19.)[2] The parties had not agreed regarding the reports and deposition and trial transcripts that defendants had marked confidential. (*Id.*    p. 62:21–25.) Plaintiffs    asserted—as    part    of    a proportionality analysis—that relatively few outside cases were implicated and the burden on defendants to contact experts was minimal. (*Id.* p. 77:8–22.) Reports and transcripts from other litigations were to help in discovering what defendants knew about nationwide discharges and remedial measures and learning about the experts' methodologies. (*Id.* pp. 77:23–82:15.)

Judge Donio opined that plaintiffs' request was broad, even when limited to four years and the three chemicals at issue. (*Id.* pp. 71:19–72:8.) Expert

---

[2] The December 4, 2025 and December 19, 2025 conference transcripts are included in a single filing with the declaration of plaintiffs' counsel and other documents. To avoid confusion, I refer to the filing's pagination as opposed to the pagination of the individual transcripts within.

reports relating to the Chambers Works facility differed from those of facilities unrelated to this litigation, according to Judge Donio, because "[t]here are so many unique aspects of the facility that it almost invites litigation within litigation as to its relevance." (*Id.* p. 88:16–22.)

A second conference was held on December 19, 2025 during which Judge Donio rendered her decision. Judge Donio found that there was no on-point Third Circuit or New Jersey law requiring that expert reports and transcripts from separate litigations be provided and reiterated that doing so invited trials within trials. (*Id.* pp. 227:23–228:7.) Judge Donio did not find that there was a burden on defendants, but concluded that "[t]his case involves Chambers Works, and so, … relevant and proportional in this case should be all expert reports in the possession of the defendants, their experts reports of their defendants—of their experts, rather, related to Chambers Works." (*Id.* p. 228:8–21.) Plaintiffs' argument that they should receive reports and transcripts from cases nationwide was expressly rejected, with Judge Donio stating that she could not "see how reports relating to facilities not at issue are sufficiently relevant to require them on a proportionality study or analysis." (*Id.* pp. 228:22–229:12.)

Plaintiffs sought clarification on whether their experts could share with them material marked confidential by defendants, but Judge Donio had to conclude the conference. (*Id.* pp. 235:25–236:6.) The parties were directed to confer and plaintiffs were to place clarifications sought in writing. (*Id.* p. 236:7–24.)[3]

A clarification letter was not filed on the docket before Judge Donio entered the subject order on December 23, 2025. (*See* ECF No. 919.) The

---

[3] Plaintiffs submit that the December 23, 2025 decision did not address their request that defendants provide expert materials of plaintiffs' experts. (ECF No. 925–1 (Pls.' Appeal Br.) p. 11.) Insofar as they argue that Judge Donio did not rule on the issue, it is not properly before me as part of plaintiffs' appeal.

order, in relevant part, stated that "expert materials prepared and served by any defense expert concerning the Chambers Works facility shall be produced by the Defendants.   Plaintiffs' request for other defense expert materials from other litigation related to PFAS anywhere in the country is denied."   (*Id.* p. 2.) The instant appeal followed (ECF No. 925), to which defendants filed an opposition (ECF No. 958 (Defs.' Opp'n Br.)) and plaintiffs replied (ECF No. 967).

## II.    STANDARD AND PARTY ARGUMENTS

### A.    <u>Appeals of Magistrate Judge Decisions</u>

Pursuant to the Local Civil Rules, a party may appeal the non-dispositive decision of a magistrate judge within 14 days of the relevant order.   *See* L. Civ. R. 72.1(c).   The district court's scope of review is narrow.   *Allen v. Banner Life Ins. Co.*, 340 F.R.D. 232, 236 (D.N.J. 2022).   District courts employ an abuse-of-discretion standard when reviewing a magistrate judge's discovery decision. *Id.*   This standard requires "a clear error of judgment," not a mere showing that "a different result … can arguably be obtained when applying the law to the facts of the case."   *Id.* at 237 (quoting *Tracinda Corp. v. DaimlerChrysler AG*, 502 F.3d 212, 240 (3d Cir. 2007)).

### B.    <u>Party Arguments</u>

Plaintiffs make clear in their brief that they are not seeking expert discovery in all cases in which experts have served, but rather their request is limited to expert reports and testimony for cases involving PFAS and the parties to this action.   (Pls.' Appeal Br. p. 12.)   Defendants possess expert materials from both parties' experts as they were involved in the previous cases and so they are unjustly able to prepare in ways plaintiffs cannot.   (*Id.* pp. 15, 16.)   Plaintiffs distinguish the cases cited by defendants before Judge Donio and conduct a proportionality analysis including the importance of experts in this litigation and the relative access and resources of the parties.   (*Id.* pp. 19–24, 28–32.)   Plaintiffs assert that once a proponent of discovery demonstrates

its relevance, the burden shifts to the opponent to show that discovery is improper.  (*Id.* pp. 27, 28.)  Judge Donio abused her discretion, they say, in finding that their request was not proportional despite defendants' failure to submit a declaration or other factual material demonstrating that the production of the discovery sought would have been burdensome or expensive. (*Id.* pp. 28, 31, 32.)

Defendants respond that Judge Donio correctly concluded that expert materials from other litigations were not relevant and plaintiffs improperly try to rehash arguments made before Judge Donio.   (Defs.' Opp'n Br. pp. 12, 13.) Like plaintiffs, defendants conduct their own proportionality analysis, which they submit demonstrates that production of the requested reports and testimony is unwarranted.   (*Id.* pp. 19–22.)   Plaintiffs conflate Federal Rule of Civil Procedure (Rule) 26(a)(2)(B)'s requirement to provide a list of cases in which an expert has previously testified with a requirement that reports and testimony be provided, according to defendants, and plaintiffs do not cite a case from within the Circuit supporting their request.   (*Id.* pp. 22–25.)

### III.  DISCUSSION

I have reviewed the December 4, 2025 and December 19, 2025 transcripts, the December 23, 2025 order, and the parties' briefing.   I conclude that Judge Donio's underlying relevancy determination is entitled to significant deference and is to be upheld.

Rule 26(b) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case …."   Fed. R. Civ. P. 26(b)(1).   Factors to consider in a proportionality analysis include the importance of the issues at stake, the amount in controversy, and the parties' resources and relative access to relevant information.   *Id.*; *Cauley v. Geisinger Clinic*, Case No. 24–01435, 2025 WL 1392089, at *2 (3d Cir. May 14, 2025).

Whether information is relevant depends on the facts of the case and related determinations are within the court's discretion. *Progressive Health and Rehab Corp. v. Indegene, Inc.*, Case No. 20–10106, 2023 WL 11957461, at *1 (D.N.J. Feb. 23, 2023). The initial burden of demonstrating that the requested discovery is relevant to a claim or defense falls on the requester. *Deibler v. SanMedica Int'l, LLC*, Case No. 19–20155, 2021 WL 6136090, at *2 (D.N.J. Dec. 29, 2021). Once that burden is met, the objector must show that the requested discovery does not fall within the scope of Rule 26(b) or is of such marginal relevance that the potential harm of discovery outweighs the presumption in favor of broad disclosure. *Id.*; *see also Schick v. Cintas Corp.*, Case No. 17–07441, 2020 WL 1873004, at *1 (D.N.J. Apr. 15, 2020) ("A party resisting discovery on the grounds of burden or expense 'bears the burden of showing specifically how the request is burdensome.'" (quoting *Carnegie Mellon Univ. v. Marvell Tech. Grp. Ltd.*, Case No. 09–00290, 2010 WL 4922701, at *3 (W.D. Pa. Nov. 29, 2010))).

Plaintiffs believe that this burden-shifting favors them while defendants failed to support the proportionality factors in a declaration or other factual submission. (Pls.' Appeal Br. pp.27, 28.) But plaintiffs are sitting in a cart with the horse behind them. Their arguments presuppose that they cleared their threshold burden of demonstrating that the reports and transcripts they sought were relevant. Judge Donio did not so find, explicitly stating

> I reject the plaintiffs' argument to require all expert reports and expert transcripts by these experts involving PFAS anywhere in the country, notwithstanding their arguments about why, in the case of transport, it would be relevant or pollution and air modeling. I think the unique nature of every of the facilities that might be at issue creates a situation where you were not able to, really, digest that expert report with the new—the expert's report in this case, sufficient to warrant that production, particularly because *I don't see how reports relating to facilities not at issue are sufficiently relevant to require*

*them on a proportionality study or analysis.*

(Pls.' Decl. & Exs. p. 229:1–12 (emphasis added).)

This finding is entitled to deference. For example, the plaintiff in *Przybylska v. Nine West Holdings, Inc.* alleged disability discrimination and sought all documents and information related to an anonymous complaint that claimed that one of her managers was vulgar, unprofessional, and blamed subordinates for her own mistakes. Case No. 16–00637, 2017 WL 626776, at *1 (D.N.J. Feb. 15, 2017). The plaintiff claimed that the documents were relevant to rebut defendants' defense that she was terminated for legitimate business reasons and—like here—argued that the defendants failed to show that the request was burdensome. *See id.* at *2. The magistrate judge denied the request and plaintiff appealed. *Id.* On appeal, the district judge could not find that the magistrate judge clearly erred following a review of her reasoning, noting that the documents did not relate to defendants' tendency to discriminate against employees. *Id.* at *4.

Likewise, Judge Donio concluded that expert reports in other litigations that might be "somewhat relevant" would create trials within trials here. (Pls.' Decl. & Exs. p. 228:4–7.) This harkened back to her initial thoughts during the December 4, 2025 conference that "[t]here are so many unique aspects of the [Chambers Works] facility that it almost invites litigation within litigation as to its relevance." (*Id.* p. 88:16–22.)

The parties dedicate significant space in their briefs to rehashing the relevance and proportionality of plaintiffs' request, but those were arguments for Judge Donio. Plaintiffs may disagree with Judge Donio's relevancy decision, but I do not come to this appeal with a clean slate. The test is not whether I could have decided the matter differently, it is whether Judge Donio abused her discretion. *See Allen*, 340 F.R.D. at 236–37. I do not find on this record that she did.

8

In so deciding, I find that Judge Donio's relevancy ruling is entitled to significant deference in light of the extensive work she has performed in shepherding these cases and the intimate working knowledge she has developed of the relevant issues.   *See Miller v. Ricci*, Case No. 11–00859, 2013 WL 706287, at \*4 (D.N.J. Feb. 26, 2013) ("Courts afford magistrate judges the full breadth of their discretion in cases like this one where the Magistrate Judge 'has managed th[e] case from the outset and developed a thorough knowledge of the proceedings.'" (alteration in original) (quoting *Lithuanian Com. Corp., Ltd. v. Sara Lee Hosiery*, 177 F.R.D. 205, 214 (D.N.J.1997))).   This working knowledge includes any intricacies of the Chambers Works facility that might render reports from other locations irrelevant.   And by finding that reports and testimony related to other facilities were not relevant, Judge Donio had no reason to continue toward a more fulsome analysis on proportionality.   *See Price v. Cnty. of Salem*, Case No. 22–06042, 2024 WL 3522443, at \*2 (D.N.J. July 24, 2024) (finding that the proportionality argument bypassed the underlying relevancy requirement, contrary to the Federal Rules of Civil Procedure and legal precedent).

Rule 26(a)(2)(B)(v) and the decision in *Seawolf Tankers Inc. v. Laurel Shipping LLC*, 345 F.R.D. 55 (S.D.N.Y. 2023)—cited by plaintiffs here and before Judge Donio—do not compel a different result.   Rule 26(a)(2)(B)(v) provides that if a witness is retained or employed to provide expert testimony, their report must contain "a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition …."   Fed. R. Civ. P. 26(a)(2)(B)(v).   In *Seawolf Tankers Inc.*, the plaintiff's expert had not testified in the United States in the preceding four years, but stated during her deposition that she had been deposed in cases outside of the United States. 345 F.R.D. at 57.   Following her deposition, the opponent sought information including all reports prepared by the expert in cases in which she was an expert

9

or testified and the claims were similar to the ones at issue. *Id.* at 57–58. The court granted the request in part, recognizing that "[n]othing in the Federal Rules of Civil Procedure prevents this Court from compelling the production of expert-related documents that are relevant and proportional to the needs of the case." *Id.* at 60.

Plaintiffs understandably may have hoped that Judge Donio applied *Seawolf Tankers Inc.*, but the court's exercise of discretion there does not compel such exercise here. *See Daubert v. NRA Grp., LLC*, 861 F.3d 382, 395 (3d Cir. 2017). This is particularly so as *Seawolf Tankers Inc.* was premised on a relevancy finding that Judge Donio did not reach. *See Seawolf Tankers Inc.*, 345 F.R.D. at 59–60. It therefore does not provide a basis for me to disturb Judge Donio's ruling.

## IV.  CONCLUSION

For the foregoing reasons, the appeal at ECF No. 925 will be DENIED. An appropriate order accompanies this opinion.

*/s/ Edward S. Kiel*

**EDWARD S. KIEL**
**UNITED STATES DISTRICT JUDGE**

Dated:  June 25, 2026